**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 2010

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) PREMIER WELL SERVICES, LLC, ) Defendant. ) ) | CIVIL ACTION NO. 4·10-CV-1419 SWW JURY TRIAL DEMAND This case assigned to District Judge Wright and to Magistrate Judge Volpe |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Eugene Keeler and who was adversely affected by such practices. As alleged with greater particularity in paragraph 7a-u below, the Commission alleges that Defendant Premier Well Services, LLC failed to hire Mr. Keeler for an open driver position after the manager/owner became aware of his religious beliefs.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Premier Well Services, LLC, (the "Employer"), has continuously been a limited liability company doing business in the State of Arkansas and the City of Searcy, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Eugene Keeler filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 11, 2010, Defendant Employer has engaged in unlawful employment practices at its Searcy, Arkansas facility, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a). The unlawful employment practices include, but are not limited to, discriminating against Eugene Keeler by refusing to hire him because of his religious beliefs.

   a. On or about January 11, 2010, Mr. Keeler interviewed with Defendant Employer's General Manager for a Driver position.

   b. After the interview, Defendant Employer's General Manager offered Mr. Keeler the job contingent upon his passing a drug test.

   c. Defendant Employer asked Mr. Keeler about his weekend availability.

  d. Mr. Keeler responded that he did not attend church services, therefore working on weekends would not be a problem.

  e. Defendant Employer asked Mr. Keeler why he didn't attend church services.

  f. Mr. Keeler replied that he was a Pagan.

  g. Defendant Employer's General Manager stated that he did not know what "Pagan" meant.

  h. A brief discussion followed in which Mr. Keeler explained his Pagan beliefs to the General Manager.

  i. Mr. Keeler subsequently passed a drug test and road test.

  j. On or about January 11, 2010 Mr. Keeler was hired by Defendant Employer.

  k. Mr. Keeler was issued a cellular telephone and worked for four hours on January 11, 2010.

  l. Later that evening, Defendant Employer's General Manager discussed Mr. Keeler's interview and hiring with Defendant Employer's owner.

  m. The discussion included details about Mr. Keeler's religious beliefs.

  n. The following day, on or about January 12, 2010, Defendant Employer rescinded Mr. Keeler's job offer.

  o. Defendant Employer's General Manager told Mr. Keeler that he had prematurely hired him.

  p. He also stated that the owner did not want to hire Mr. Keeler, but instead, wanted to interview other applicants.

  q. Mr. Keeler requested an interview with Defendant Employer's Manager.

r.  On or about, January 12, 2010, Defendant Employer interviewed another applicant for the job.

s.  On or about January 13, 2010, Defendant Employer hired another applicant for the job.

t.  Mr. Keeler was not granted an interview with Defendant Employer's owner.

u.  Mr. Keeler's job offer was not reinstated, and he was not put back to work.

8.  The effect of the practice(s) complained of in paragraph 7a-u above has been to deprive Eugene Keeler of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his religion, Paganism.

9.  The unlawful employment practices complained of in paragraph 7a -u above were intentional.

10.  The unlawful employment practices complained of in paragraph 7a-u above were done with malice or with reckless indifference to the federally protected rights of Eugene Keeler.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of religion.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Eugene Keeler by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement.

D.   Order Defendant Employer to make whole Eugene Keeler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7a-u above, including relocation expenses, medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Eugene Keeler by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7a-u above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Eugene Keeler punitive damages for its malicious and reckless conduct described in paragraph 7a-u above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN #011730

*/s/ Celia S. Liner*
CELIA S. LINER
Acting Supervisory Trial Attorney
AR Bar No. 90183

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104

*/s/ Pamela B. Dixon*
PAMELA B. DIXON
Senior Trial Attorney
AR #95085

*/s/ Markeisha K. Savage*
MARKEISHA K. SAVAGE
Trial Attorney
TN #024693

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Suite 200
Little Rock, Arkansas 72201
(501) 324-5065
(501) 324-6474
pamela.dixon@eeoc.gov
markeisha.savage@eeoc.gov

6