IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION          PLAINTIFF

VS.                              NO. 4:10-CV-1419 SWW

PREMIER WELL SERVICES, LLC                            DEFENDANT

AGREED PROTECTIVE ORDER FOR MEDICAL RECORDS

Pursuant to Rule 26(c), all parties to the present action have agreed to and moved this Court for entry of Protective Order:

IT IS ORDERED that discovery and production of the following described documents and their contents are subject to the terms, conditions and restrictions set forth below:

1.      This Order applies to medical records which Defendant has sought from Plaintiff Equal Employment Opportunity Commission and claimant Eugene Keeler which the parties consider confidential medical information that has been and should remain protected from public dissemination. This Order also applies to any medical records which Defendant has obtained or may obtain from the Plaintiff.

2.      Defendant will obtain medical records from the period January 2005 to present only. All medical documents produced or obtained in the course of discovery pursuant to this Order must be marked "Confidential." The documents subject to this order include documents obtained from the following medical provider(s):

Dr. Daniel S. Davidson, 3130 E. Race St., Ste. 100, Searcy, AR 72163

Defendant may communicate with these medical providers concerning the contents of the disclosed records only in accordance with Fed. R. Civ. P. 30.

3.    If medical documents are obtained in the course of discovery from medical providers not included in Paragraph 2 of this Order, those additional records will be covered by this Protective Order.

4.    Information contained in medical documents designated as "Confidential" may be disclosed only to Defendant's counsel or individuals qualified by Defendant's counsel as employed by or assisting in preparation for trial of this action, including experts and consultants.

5.    Any medical information designated "Confidential" is to be treated by the party receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this litigation. Except as may be agreed to by the parties, or ordered by the Court, disclosure of such discovery material or the information contained therein shall be limited to the parties, their counsel, counsel's legal and clerical assistants, and any other individual employed by or assisting in the preparation for trial (including testifying and non-testifying experts), as may from time to time be reasonably necessary in the prosecution or defense of this action.

6.    In the event that Plaintiff, claimants, or Defendant receives a request, subpoena, or other formal or informal demand from any other source besides the parties herein, whether related to another cause of action, proceedings, investigation, or otherwise, for the production or disclosure of any confidential documents then in its possession or control, that party shall provide to opposing counsel written notice of such request, subpoena, or demand within five (5) days after service of such request, subpoena or demand, and that party shall not interfere with any action the opposing party may elect to take to protect the confidentiality of the confidential documents. Should any such request, demand, or subpoena require a response time of less than five (5) days, the party to whom such request, demand, or subpoena is directed shall provide

2

prompt notice to the opposing party of such, by telephone or facsimile, including a copy of such request, demand, or subpoena.

7.     This Order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of confidential medical documents, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. This Order does not restrict the use of such documents at this litigation. Issues of use or admissibility at the litigation shall be determined by the Court.

8.     Only those people authorized to receive information under this Order may reproduce or copy "Confidential" information.

9.     The production of "Confidential" medical documents or information does not constitute a waiver of any privilege or other claim or right of withholding which may be had.

10.     "Confidential" medical documents or information may be used at depositions with the following safeguards: (a) The portions of the deposition transcript and exhibits which refer or relate to "Confidential" medical documents or information must be considered "Confidential," and the parties will ensure that the deposition is sealed and marked accordingly, and the parties will ensure that the deposition is marked accordingly with the court reporter binding the "confidential" portions of the transcript and exhibits separately and labeling them confidential; (b) the deponent or witness is prohibited from divulging any "Confidential" documents or information to others; and (c) use of "Confidential" documents at depositions does not destroy their "Confidential" status.

11.     If a party wishes to use "Confidential" medical documents or information to support or oppose a motion or otherwise make them a part of the record in this case, including

3

offering them into evidence at trial, the decision on whether the documents may be sealed will be governed by the provisions of Federal Rule of Civil Procedure 26(c).

12.    At the conclusion of this action, all "Confidential" medical documents and information and all copies should be returned to Plaintiff's counsel. Alternatively, Defendant's counsel may destroy all "Confidential" medical documents and information upon written consent by Plaintiff's counsel. If any "Confidential" medical documents are furnished to any expert or to any other person, the attorney for Defendant must ensure that all "Confidential" medical documents are returned to Plaintiff's counsel or destroyed.

13.    Nothing in this Order prevents either party from seeking amendments, broadening or restricting the rights of access to and the use of "Confidential" medical documents or information, or contesting the designation of a "Confidential" medical document.

This the 5th day of May, 2011.

SUSAN WEBBER WRIGHT
UNITED STATES DISTRICT JUDGE

4

AGREED TO AND SUBMITTED BY:

COUNSEL FOR PLAINTIFF

**PAMELA B. DIXON**
Senior Trial Attorney
Equal Employment Opportunity Comm.
820 Louisiana, Ste. 200
Little Rock, AR 72201

**MARKEISHA K. SAVAGE**
Trial Attorney
Equal Employment Opportunity Comm.
820 Louisiana, Ste. 200
Little Rock, AR 72201

COUNSEL FOR DEFENDANT

**FLOYD M.THOMAS, JR.**
Thomas, Hickey & Shepherd, L.L.P.
423 North Washington
El Dorado, Arkansas 71730

**BETTINA E. BROWNSTEIN**
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201

**WILLIAM STUART JACKSON**
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201

**JANE A. KIM**
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201

**REGINA ANN YOUNG**
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201