IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10cv1419 SWW |
| | * * | |
| PREMIER WELL SERVICES, LLC, | * * | |
| Defendant. | * | |

ORDER

The Equal Employment Opportunity Commission (EEOC) brings this action against Premier Well Services, LLC (Premier) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981a alleging that Premier failed to hire Eugene Keeler (Keeler) for an open driver position after it became aware of Keeler's religious beliefs–Paganism.  By way of relief, the EEOC requests, *inter alia*, that Premier make Keeler whole by providing appropriate backpay, past and future pecuniary losses (including medical and/or counseling expenses), and past and future non-pecuniary losses (including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation).

The matter is before the Court on motion of the EEOC to quash subpoena on behalf of Keeler [doc.#18].  Premier has responded in opposition to the EEOC's motion to quash.  Having considered the matter, the Court denies the EEOC's motion to quash subpoena on behalf of Keeler.

I

In advance of Keeler's scheduled deposition, the EEOC sent an email to Premier's counsel stating the "[t]he EEOC cannot compel [Keeler] to attend the deposition so be sure to

subpoena him." Premier thereafter served its original deposition subpoena on Keeler, which it amended on April 28, 2011, requesting Keeler to bring the following documents to his deposition:

> 1. All tax records for Eugene Keeler, specifically including, but not limited to, Mr. Keeler's tax returns for the years 2008, 2009 and 2010;
>
> 2. All records relating to any applications for employment Mr. Keeler has submitted since January 1, 2007;
>
> 3. All records or documents relating to the damages Mr. Keeler may claim against Premier Well Services, LLC;
>
> 4. All notes or diaries Mr. Keeler may have regarding his claim against Premier Well Services, LLC;
>
> 5. Any statements or tape recordings of Premier Well Services, LLC staff or managers relating to Mr. Keeler's claims in this case; and
>
> 6. Any non-privileged letters, e-mails or other electronic communications relating to Mr. Keeler's claims against Premier Well Services, LLC.

Thereafter, the EEOC filed its motion to quash subpoena on behalf of Keeler.

II

Concerning the tax returns, the EEOC does not dispute the relevance of Keeler's income but argues that it provided Keeler's W-2 forms to Premier and that those W-2 forms provide Premier with the necessary income information it needs. The EEOC argues that Keeler is married and filed a joint return with his wife and that because Keeler's wife's income and their deductions are not relevant to this action, it objects to providing the complete returns.

Concerning the other documents requested by Premier in its subpoena, the EEOC argues that it previously produced those documents or they do not exist. As such, argues the EEOC, the Court should quash Premier's subpoena with regard to those documents.

A

To the extent the EEOC even has standing to request that the subpoena served on Keeler be quashed, *see, e.g., Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Ins. Corp.*, No. 4:08mc00017 JLH, 2008 WL 4853620 at *1 (E.D.Ark. Nov. 6, 2008) (noting that ordinarily a party does not have standing to quash a subpoena served on a non-party unless the party seeking to challenge a subpoena claims a personal right or privilege regarding information sought by the subpoena), the Court finds that Premier is entitled to the information it seeks. "There is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party." *Id*. 2008 WL 4853620 at *2. "In many cases, it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them; and in many cases when a party obtains what should be the same set of documents from two different sources a critical fact in the litigation turns out to be that one set omitted a document that was in the other set." *Id*.

Concerning the tax returns, "past income as established by tax returns is highly relevant to a loss of income claim," *Gaillard v. Jim's Water Serv., Inc.*, 535 F.3d 771, 778 (8th Cir. 2008), and the W-2 forms do not necessarily reflect all relevant information contained in a tax return. While Keeler's wife's income may not be relevant to this action, her privacy interests can be adequately protected by a protective order or the redaction of financial information that relates solely to her. *See, e.g., Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 WL 3681837, at *3 (W.D.Tenn. Oct. 30, 2009). Accordingly, the Court denies the EEOC's request to quash

Premier's subpoena with regard to the tax returns.

Concerning the other documents requested in Premier's subpoena, the EEOC does not argue that these documents are not relevant and, as previously noted, there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party. *Liberty Surplus*, 2008 WL 4853620 at *2. Accordingly, the Court denies the EEOC's request to quash Premier's subpoena with regard to those documents.

III

For the foregoing reasons, the Court denies the EEOC's motion to quash subpoena on behalf of Wheeler.

IT IS SO ORDERED this 3rd day of June 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE