FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 23 2011

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
           Plaintiff,        )
                             )         CIVIL ACTION NO.
                             )         4:10-CV-1419 SWW
       v.                    )
                             )
PREMIER WELL SERVICES, INC.  )
                             )
           Defendant.        )

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter the Commission) instituted this action on behalf of Eugene Keeler alleging that Defendant Premier Well Services, LLC, (hereinafter the Defendant), subjected Mr. Keeler to religious discrimination when it failed to hire him for an open driver position because of his religious beliefs. The Commission maintains that Defendant's action violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991. Defendant denies that it engaged in any unlawful employment practices as alleged by the Commission or that it otherwise violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991 and has entered into this compromise agreement solely to avoid additional expense and the uncertainty of litigation.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

## I. JURISDICTION

The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

1. By entering into this Consent Decree, the parties do not intend to resolve any charge of discrimination currently pending before the Commission other than Charge No. 493-2010-00436 filed by Eugene Keeler that created the procedural foundation for the complaint in this case.

2. The terms of this Decree shall remain in effect for two years from the date of entry of this Decree.

## III. INJUNCTIVE RELIEF

3. This Decree enjoins Defendant from refusing to hire, discharging, or otherwise discriminating against Mr. Keeler or any other job applicant or employee because of or on the basis of his religious belief.

4. This Decree enjoins Defendant from retaliating against Mr. Keeler or any other job applicant or employee for participating in any proceeding under Title VII or for otherwise opposing discriminatory practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

## IV. GENERAL RELIEF AND TRAINING

5. Attached here as Appendix A is Defendant's written policy prohibiting religious discrimination.

6. Within 60 days of entry of this Decree, Defendant will disseminate its written policy prohibiting religious discrimination to all employees and post it at each location from which Defendant conducts business.

7. Within 60 days of entry of this Decree, Defendant will require each employee to read the company's religious non-discrimination policy and to sign an acknowledgment of receipt of the policy. A copy of the signed acknowledgement will be retained in the employee's permanent personnel file. Thereafter, whenever a new employee is hired, Defendant will require each employee to follow this procedure of reading, signing an acknowledgement of the company's non-discrimination policy within 60 days of hire.

8. Defendant will retain a qualified consultant, who may be an Arkansas attorney, having specialized knowledge of employment discrimination law to conduct two hours of religious discrimination training for all supervisory and management personnel employed by Defendant within 90 days of the entry of the Decree. This training shall be mandatory for all management-level employees, including but not limited to Owner John Lowery and General Manager Chris Lewallen.

9. Training topics presented by the consultant shall include, at a minimum:

    a. Title VII's prohibition of religious discrimination;

    b. Defendant's policies and procedures for the prevention of religious discrimination; and

    c. Defendant's procedures for reporting, investigating and remedying religious discrimination in the workplace.

10. Within 120 days of the entry of the Decree, Defendant shall provide the

Commission with copies of training materials and related documentation showing that Defendant satisfied all training requirements for supervisory and management personnel. The aforementioned documentation shall include the names and positions of individuals attending the training and a signed roster to verify attendance.

11. Defendant shall email all reports required by this Section to markeisha.savage@eeoc.gov

12. Defendant shall maintain in its Human Resources Department a record of each person trained pursuant to paragraph 9.

## V. INDIVIDUAL RELIEF

13. Defendant agrees to pay a total of $30,000 to resolve this lawsuit.

14. Defendant will pay to Eugene Keeler $30,000 within 14 days of the entry of the Decree as follows:

> a. $6,000, less all applicable taxes and withholdings, designated as back pay and paid in one check representing wages Mr. Keeler should have been paid had he been allowed to work as originally agreed to by Mr. Keeler and Defendant; and
>
> b. $24,000 designated in a second check as non-pecuniary damages and allegations made in his claim of discrimination and this lawsuit.

15. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

16. Defendant will forward the checks to Mr. Eugene Keeler at 328 Wagon Train Road, McRae, AR 72102.

17. Defendant will issue a W-2 form to Mr. Keeler for the amount in subparagraph 14(a), above,

18. Defendant will issue a 1099 form to Mr. Keeler for the amount in subparagraph

14(b), above, and shall designate that the amount was issued as damages.

19. Defendant is responsible for the employer's share of State and Federal withholding, as applicable, for the amount designated as back pay.

20. Defendant will email photocopies of the front and back of the checks issued to Mr. Keeler to markeisha.savage@eeoc.gov

## VI. POSTINGS AND POLICIES

21. Within 30 days of the entry of the Decree, Defendant will post Appendix B and keep it posted for two years, in a conspicuous place upon its premises where Defendant customarily posts notices to employees.

22. Defendant will post and cause to remain displayed the poster required by Section 711 of Title VII, 42 U.S.C. § 2000e-10(a).

23. Defendant will also post and keep posted a copy of its policy and procedures for reporting or preventing discrimination in the workplace in a location where notices to employees are customarily posted.

## VII. REPORTING

24. Defendant will submit a total of two reports to the Commission. Defendant will submit the first report within 12 months of the entry of the Decree. Defendant will submit the second report within 23 months of the entry of the Decree by the Court. Defendant will email these reports to markeisha.savage@eeoc.gov with a statement identifying such report as being submitted pursuant to this Decree.

25. Each report will include the following information:

    a. any complaint of religious discrimination made to Defendant;

    b. the name of the employee or job applicant making the complaint and the name of the alleged discriminator;

    c. actions taken by Defendant to investigate the complaint;

      d.    the dates Defendant began its investigation and completed its investigation; and

26.    If no complaints of religious discrimination have occurred during the reporting period, Defendant will submit a statement indicating such.

### VIII. NOTIFICATION OF SUCCESSORS

27.    In the event that the ownership or control of Defendant's business changes or there is a sale of all or a substantial portion of Defendant's assets during the two years the Decree is in effect, Defendant will inform the successor of the Decree in writing and prior to the sale.

### IX. ENFORCEMENT

28.    If Defendant fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

### X. COSTS

29. Each party will bear that party's own costs, attorneys' fees, and expenses.

 

SUSAN WEBBER WRIGHT
UNITED STATES DISTRICT JUDGE

August 23, 2011
DATE

**FOR DEFENDANT**

*/s/ Floyd M. Thomas, Jr.*
**FLOYD M. THOMAS, JR.**
AR Bar No. 74145
THOMAS, HICKEY & SHEPHERD, L.L.P
423 North Washington
El Dorado, Arkansas 71730
(870) 862-3478
floyd@eldolaw.com

*/s/*
**WILLIAM STUART JACKSON**
AR Bar No. 92189

*/s/*
**JANE A. KIM**
AR Bar No. 2007160

WRIGHT, LINDSEY & JENNINGS, LLP
200 West Capitol Avenue, Ste. 2300
Little Rock, AR 72201
(501) 371-0808
wjackson@wlj.com

**FOR THE COMMISSION**

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Faye A. Williams PD*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue, Ste 901
Memphis, TN
(901) 544-0088

*/s/ Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

*/s/*
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana, Ste. 200
Little Rock, Arkansas 72201
(501) 324-5065
(501) 324-6474

markeisha.savage@eeoc.gov
pamela.dixon@eeoc.gov

## **APPENDIX A**

### RELIGIOUS DISCRIMINATION POLICY

It is the policy of Premier Well Services, LLC to provide equal employment opportunity for all employees. Accordingly, Premier Well Services, LLC will not engage in any form of employment discrimination based on religion, or any other legally protected status. Premier Well Services, LLC hereby affirms its desire to maintain a work environment for all employees that is free from unlawful religious discrimination. Employment discrimination based on religion, or any other legally protected status, is a violation of Company policy, may also violate federal and state law, and will not be tolerated.

If you believe you have been the subject of religious discrimination, you should **immediately** report the problem to the Operations Manager. If your complaint relates to the Operations Manager, you should report the problem to the Managing Partner. "Immediately" normally means the same day of the alleged discrimination. The failure to make a timely report of alleged discrimination may be a factor used in deciding the merits of the allegation. Your complaint will be promptly investigated. You will be advised of the findings and conclusions. All employees are expected to cooperate fully in such investigations. To the extent feasible, all internal investigations and/or actions taken to resolve complaints of religious discrimination will be confidential.

Retaliation against any employee for making a complaint under this policy or for providing information during an investigation is strictly prohibited, will not be tolerated, and is a violation of this policy. The proper measures to remedy any employment discrimination or retaliation will be taken by the Managing Partner.

## ACKNOWLEDGMENT

I acknowledge that I have received the Premier Well Services, LLC Religious Discrimination Policy and that I have read and understand the policy. If I do not understand some portion of the policy, I agree to contact the Operations Manager or the Managing Partner immediately.

I understand that this Religious Discrimination Policy does not create a contract of employment, but is for my information only. I understand and agree that my employment is "at will." I understand that I have the right to terminate my employment at any time, with or without cause or notice, and that Premier Well Services, LLC has the same right.

_____  _____
Signature                                                      Date

_____
Print Your Name

# APPENDIX B

## NOTICE

1. This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *EEOC v. Premier Well Services, LLC*, Civil Action No. 4:10-CV-1419 SWW. Premier Well Services, LLC (hereinafter "Premier Well") has agreed as part of a settlement with the EEOC to post this Notice for two years to reinforce the company's policies concerning Title VII.

2. Premier Well has agreed to a Consent Decree filed in the U.S. District Court for the Eastern District of Arkansas, Western Division, in which Premier Well will pay monetary relief to one job applicant who was allegedly subjected to religious discrimination and not hired because of his religious beliefs. According to the terms of the Decree, Premier Well must not subject job applicants or employees to religious discrimination.

3. Federal law prohibits religious discrimination in the workplace. This includes, but is not limited to, refusing to hire, discharging, or otherwise discrimination against any individual because of or on the basis of his religion.

4. Premier Well will support and comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the EEOC and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII of the civil Rights Act of 1964, as amended.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice must remain posted for two years from the date below, and must not be altered, defaced, or covered by any material.

**SIGNED this _____ day of _____, 2011.**

**PREMIER WELL SERVICES, LLC**

BY: _____
John Lowery, Jr.